Seward, J.
(orally).
This case is -one of a series of cases which have been submitted to the court upon a motion containing several branches.
It is a suit to declare a-lease void because it was obtained by fraud. The first branch of the m-otion is that the action be dismissed for want of jurisdiction, and I presume that calls in question whether this company can be sued in this county, not having its place of business in this county, unless it -be under Section 5023, although I am not thoroughly advised as to the point.
Section 5023 provides:
“An action other than one of those mentioned in the four preceding sections, -against a corporation created under the laws of -this state, may be brought in the county in which such corporation is situated, or has or had its principal office or place of business, or in which such corporation has an office or agent, or *270 in any county in which, a summons may be served upon the president, chairman or president of the board of directors or trustees- or other chief officer; but if such corporation is an insurance company, the action may be brought in the county wherein the cause of action or some part thereof arose; and if such corporation be organized for the purpose of mining or operating for petroleum oil or gas, either exclusively or in connection with other business, the .action may be brought in any county where such corporation owns or operates a mine or a well for petroleum oil or gas, and the cause of action, or some part thereof, arose. ’ ’
The petition .in this ease discloses that this is a corporation operating for oil and gas, and that it has several gas wells in the county. So that if that is the feature of the ease that is objected to by this motion, the motion will be overruled as to that.
The next branch of the motion is that the summons be quashed on the ground, first, that it does not appear that the defendant is a corporation such as is described in this section of the statute. AVhile the description in the petition does not follow the identical terms or words of the statute, it follows them sufficiently to identify and bring it within the subdivisions of Section 5023.
The next branch of the motion is because the service is not good under Section 5011, which is the statute providing for service upon corporations; and this service is not good under that section of the statute as the court construes it:
“A summons against a corporation may be served upon the president, mayor, chairman or president of the board of directors or trustees, or other -chief officer; or if its chief officer be not found in the county, upon its cashier, treasurer, secretary, clerk, or managing agent.”
Now, the sheriff of Franklin county certified that the service was made upon the business manager, I believe, or at any rate it was not the managing agent; and he certifies that the cashier, treasurer or secretary .are not found within his bailiwick. If they are not found there, he must serve the summons upon the managing agent, and' must sdy so in his return. Now, it is claimed that the person to whom the copy was delivered was really the managing agent, and that the sheriff made a mistake in not designating him as the managing agent in the return; and *271 application is made by the sheriff for leave to correct the- return in that respect. Under Section 5114, the court thinks that he has a right to amend the return to correspond with the facts:
“The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a.mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved. ’ ’
The court thinks it is proper to allow the sheriff leave to amend his return, and bases that upon the 26th Ohio State, page 467, at page 470. That is a ease where an action was brought against an insurance company under a policy which provided that the action must be commenced within a year, or they could not have a right of action'against the company. The summons was issued to the wrong company. The petition was properly laid against the defendant company, but, by mistake, the name of another company got in the summons, but it was served upon the right company. The court held in that case, that it was such an amendment as could be brought under the provisions of Section 5114, and allowed the amendment to be made, inserting the proper company.
This motion, in all its branches, will be overruled, tions.